UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>Marie Miller, et. al.</u>

    v.                            Civil No. 08-cv-00293-JL
                                    Opinion No. 2008 DNH 170

<u>Scott Roberge</u>

**<u>O R D E R</u>**

Plaintiffs Marie Miller, Dorothy Lafortune, Barbara Batson, and Carl Weston brought this action, pleading as a "Federal Civil Rights Complaint Freedom of Speech" and "Conspiracy/Obstruction of Justice" against Scott Roberge, the Police Chief of Farmington, New Hampshire. The plaintiffs brought the complaint as the "Next Friend" of plaintiff Miller's sons, John Miller and William Miller, who are currently detained awaiting trial on state criminal charges in New Hampshire.[1] The complaint asserts

---

[1] Although John Miller and William Miller are listed on the face of the complaint, they did not sign the complaint, and thus are not treated as parties by this court. See <u>Brown v. United States</u>, 2008 DNH 029, 2; cf. <u>Seaver v. Manduco</u>, 178 F. Supp. 2d. 30, 35 (D. Mass. 2002). Further, "[t]he federal courts have consistently rejected attempts at third-party lay representation, <u>Herrera-Venegas v. Sanchez-Rivera</u>, 681 F.2d 41, 42 (1st Cir. 1982) and as such, the plaintiffs cannot appear as "Next Friend" on behalf of John and William Miller. See L.R. 83.6(b) (2008)(relative or any other party cannot appear on behalf of a pro se litigant); <u>Wilson v. Brock</u>, 2002 D.N.H. 137, 1.

three counts: (1) various civil rights violations arising from the detention of William Miller (Count 1), (2) freedom of speech violations arising from the detention of John Miller (Count II), and (3) various acts of malfeasance arising from the death of Philip Castora in 2006 (Count III).  Roberge filed a motion to dismiss all claims for lack of subject-matter jurisdiction, as well as failure to state a claim on which relief can be granted.  See Fed. R. Civ. P. 12(b)(1), 12(b)(3), 12(b)(6) (2008).  Roberge also requests that this court impose sanctions on the plaintiffs in the form of attorneys' fees and a prohibition on further filings against him.  See Fed. R. Civ. P. 11 (2008).  The plaintiffs have filed no response to Roberge's motion.

For the reasons set forth below, this court grants the motion to dismiss because the plaintiffs lack standing.  The court denies Roberge's request for sanctions on procedural grounds.

I.   **APPLICABLE LEGAL STANDARD**

Roberge's motion to dismiss asserts that the complaint fails for both jurisdictional reasons and for failure to state a claim. In such cases, "a district court, absent good reason to do otherwise, should ordinarily decide the 12(b)(1) [jurisdictional] motion first."  Northeast Erectors Ass'n of BTEA v. Sec'y of

Labor, 62 F.3d 37, 39 (1st Cir. 1995).  A court faced with a challenge to standing at the pleading stage must "accept as true all material allegations of the complaint, and . . . construe the complaint in favor of the complaining party."  Warth v. Seldin, 422 U.S. 490, 501 (1975).  While forgiving, this standard does not require the court to credit "empirically unverifiable conclusions, not logically compelled, or at least supported, by the stated facts" in the complaint.  Sea Shore Corp. v. Sullivan, 158 F.3d 51, 54 (1st Cir. 1998) (internal bracketing and quotation marks omitted).

## II.   BACKGROUND

The disputes that give rise to the complaint begin with Castora's death in 2006, apparently from lung cancer.  The plaintiffs, however, are convinced that Castora's death was a homicide perpetrated by relatives who were caring for him in the last months of his life.

After Castora died, Lafortune urged Roberge, in his capacity as chief of the Farmington Police Department, to investigate the death.  Dissatisfied with the investigation, Lafortune now believes that Roberge was "covering up a murder."

In March 2007, Lafortune became aware that Marie Miller also was dissatisfied with the Farmington Police Department.[2] Lafortune and William Miller met in the summer of 2007 "to compare notes of the malfeasance of office and obstruction of justice by the Farmington Police Department and Police Chief, Scott Roberge." Thus, by the fall of 2007, plaintiffs Miller, Lafortune, and Batson, along with Miller's sons William and John became convinced that the Farmington Police Department was covering up the murder of Castora.[3]

In October 2007, the Farmington Police were called to the Miller family home to investigate a disturbance and ended up arresting William Miller. The plaintiffs' allege that William Miller was upset, and while in the family's yard, he began yelling about police corruption and hitting trash bags with a shovel. William Miller was charged with multiple misdemeanors and one felony count of criminal threatening. Although two of the charges were dismissed by the trial court on motion of his attorney, William Miller remains in jail pending resolution of

---

[2] The specific nature of the Miller family's unhappiness with the Farmington Police Department as of March, 2007, is unclear from the complaint, but appears to arise out of the department's alleged failure to respond to the Miller's complaints of harassment by their neighbors and others.

[3] It remains unclear what interest plaintiff Carl Weston has in this case.

two counts of criminal threatening instituted by a superseding indictment.  Then, during the early summer of 2008, John Miller was indicted on one felony count and three misdemeanors arising from allegations of criminal threatening of a potential witness in the criminal case against his brother.

The plaintiffs--who include neither William nor John Miller --subsequently filed their instant complaint.  Count I alleges William Miller, in violation of his right to free speech, was falsely arrested in retaliation for "sharing with the public about issues of Defendant's cover-up of the death (murder?) of Phil Castora."  Count II alleges that John Miller was also falsely arrested "to [quiet] his freedom of speech."  Count III simply alleges that Roberge "knowingly has covered up an investigation of the Death of Phil Castora."

III. **ANALYSIS**

a.    **Standing**

This court grants Roberge's motion to dismiss on the basis of a lack of jurisdiction, namely, that the parties lack standing.  See generally, In re Tyco Int', Ltd., 340 F. Supp. 2d 94, 97 (D.N.H. 2004).  Grounded in Article III of the Constitution, the doctrine "limit[s] access to the federal court to those litigants best suited to assert a particular claim."

Conservation Law Found. of N.E., Inc. v. Reilly, 950 F.2d 38, 40 (1st Cir. 1991); see United States v. AVX Corp., 962 F.2d 108, 113 (1st. Cir. 1992)(if a party lacks standing, the court lacks jurisdiction).  The standing doctrine, grounded in Article III of the Constitution, "limit[s] access to the federal court to those litigants best suited to assert a particular claim." Conservation Law Found. of N.E., Inc. at 41 (quotations omitted). "Because standing is the sine qua non to the prosecution of a suit in a federal court, the absence of standing sounds the death knell for a case."  Microsystems Software, Inc. v. Scandinavia Online, AB, 266 F.3d 35, 39 (1st Cir. 2000).

One of the core concepts of the standing doctrine is that a litigant is prohibited from asserting a claim based on another person's rights.  Allen v. Wright, 468 U.S. 737, 751 (1984). Rather, the litigant must "allege personal injury fairly traceable to the defendant's allegedly unlawful conduct."  Id. (emphasis added); cf. AVX Corp., 962 F.2d at 114 ("mere interest in an event - no matter how passionate or sincere" is not sufficient to show actual personal injury that forms the basis for a standing claim).

In Counts I and II of this case, the plaintiffs assert claims based on a violation of the civil rights of others, namely William Miller and John Miller.  Count III alleges injury on

6

behalf of decedent Philip Castora.[4]  None of the plaintiffs is in a position to assert that they have suffered the personal injury necessary to have standing before this court.  Accordingly, because the plaintiffs lack standing to pursue this action, this court is without jurisdiction, see generally, Tyco Int'l, Ltd., 340 F. Supp. 2d at 97 (standing is a component of subject matter jurisdiction).  The complaint is dismissed.[5]

b.  **Rule 11 Sanctions**

Finally, Roberge requests that this court impose sanctions on the plaintiffs because their pleadings are slanderous, allege specious claims for relief, and contain numerous factual assertions unsupported by the record.  The court denies this motion because, reasons for Rule 11 sanctions may be entertained by this court only if made by a separate motion that is first served on the opposing party 21 days before it is filed with this court.  See Fed. R. Civ. P. 11(c)(2).  Roberge did not properly

---

[4]  Presumably, that claim would be brought by a representative of Castora's estate, and none of the plaintiffs have shown that they presently possess such authority.

[5]  The plaintiffs invoke Fed. R. Civ. P. 17, which provides for certain parties to sue under their own name on behalf of another.  None of the plaintiffs fall within the category of litigants allowed to file suit under that provision.  See Fed. R. Civ. P. 17(a)(1) (2008).

7

prepare and serve his Rule 11 request, and therefore, his request is denied.[6]

## IV. CONCLUSION

For the foregoing reasons, Roberge's motion to dismiss (doc. no. 11) is GRANTED. His motion for Rule 11 sanctions is DENIED. All other pending motions are DISMISSED AS MOOT. The Clerk is directed to close the case.

**SO ORDERED.**

/s/ Joe Laplante
_____
Joseph N. Laplante
United States District Judge

Dated:   September 12, 2008

cc:   Marie Miller
      Dorothy Lafortune
      Barbara Batson
      Carl Weston
      John A. Curren

---

[6] The court would have been inclined to seriously entertain such a motion, however, had Roberge complied with Rule 11(c)(2).